# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bky Case No. 10-37137 |
| Danny B. Nessler, | Chapter 7 |
| Debtor, | |
| Michael S. Dietz, Trustee | Adv. Case No. |
| Plaintiff, | |
| vs. | |
| PNC Bank, National Association, | |
| Defendant. | |

## COMPLAINT

For his Complaint against Defendant, Plaintiff states and alleges as follows:

1. Plaintiff is the duly appointed, qualified and acting trustee of the Chapter 7 bankruptcy estate of the Debtor identified above.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding relates to the above-captioned case under the United States Bankruptcy Code, which case is pending in this Court.

3. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(E).

4. Defendant is in possession of $12,000.00 wrongly obtained from the Debtor (the "Property").

5. Prior to filing his bankruptcy, the Debtor owed more to Defendant on a mortgage loan than the fair market value of the real property encumbered by the mortgage. Defendant and Debtor agreed that Debtor would voluntarily sell the real property, and turn over the purchase proceeds to Defendant. In exchange, Defendant would release its mortgage, and release Debtor from further liability on the Mortgage debt. Collectively, the foregoing transaction shall be referred to herein as the "Short Sale."

6. Following the closing on the Short Sale, at which Defendant was paid the proceeds according to its agreement with the Debtor, the Debtor received a check in the amount of $12,000.00 from his insurance company on account of damage sustained to the house prior to its sale (the "Check").

7. The Check was made payable to both the Debtor and Defendant. Debtor contacted the Defendant by telephone to get them to endorse the Check so that the Debtor could cash it. Debtor explained about the Short Sale to the Defendant's representative. Debtor was told by Defendant's representative that if Debtor would send the Check to Defendant, Defendant would endorse the check and return it. Prior to sending the Check, Debtor had already endorsed it.

8. Debtor delivered the Check to Defendant. Defendant has not returned the fully endorsed check. Upon information and belief, Defendant has cashed the Check and retained the proceeds.

9. Pursuant to the agreement between the Debtor and Defendant, once the Defendant received the proceeds from the Short Sale, the Defendant had no further right to payment.

## COUNT ONE -- TURNOVER

10. The Property is property which the trustee may use, sell, or lease under section 363 of Title 11.

11. The Defendant must deliver the Property or the value of the Property to the Plaintiff pursuant to 11 U.S.C. §542(a).

12. The Property has consequential value to the bankruptcy estate.

## COUNT TWO – CONVERSION

13. Defendant has intentionally and knowingly converted the Property to its own use.

14. Defendant intends to permanently deprive Debtor and Plaintiff of the use and possession of the property.

**WHEREFORE**, Plaintiff prays the Court enter judgment against Defendant and in favor of Plaintiff in the amount of $12,000.00, together with punitive damages in the amount of an additional $12,000.00, together with such other and further relief as the Court deems just and equitable.

Dated: January 20, 2011     **DUNLAP & SEEGER, P.A.**

By: _/e/Christopher D. Nelson_
    Michael S. Dietz
    Registration No. 188517
    Christopher D. Nelson
    Registration No. 388089

Attorneys for Plaintiff
206 S. Broadway, Suite 505
P.O. Box 549
Rochester, Minnesota 55903-0549
Telephone: (507) 288-9111